IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-79,183-01 & -02






EX PARTE KIMBERLY GORE BROWN, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 19331 & 19333 IN THE 88TH DISTRICT COURT


FROM HARDIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of intoxication manslaughter and sentenced to twenty years' imprisonment on each count. She did
not appeal her convictions.

 Applicant contends that trial counsel told her that she would become eligible for parole when
her time served plus her good time equaled one-half of her sentences. In fact, she will become
eligible after serving one-half of her sentences without consideration of good time. Tex. Gov't
Code § 508.145(d)(1); Tex. Code Crim. Proc. art. 42.12, §3g(a)(2). 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Moussazadeh, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 It appears that Applicant is represented by counsel. If she is not and the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent her at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether counsel's
advice on parole eligibility was deficient and, if so, whether Applicant would have pleaded not guilty
but for this advice. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: April 10, 2013

Do not publish